IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v. Case Nos.: 3:23cr107/TKW/MAL
3:26cv4892/TKW/MAL

DEMARCUS DEON BOGGAN,
Defendant.

---

# REPORT AND RECOMMENDATION

This case is before the Court for preliminary review of Defendant Demarcus Dean Boggan's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. ECF No. 65. Under Rule 4(b) of the Rules Governing Section 2255 Proceedings, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." It plainly appears that Defendant is not entitled to relief because his § 2255 motion is untimely.

## I. BACKGROUND

On February 13, 2024, Defendant entered a guilty plea to possession of a firearm by a convicted felon. ECF Nos. 26, 27. On June 13, 2024, the court sentenced him under the Armed Career Criminal Act to a mandatory minimum term of 180 months' imprisonment. ECF Nos. 46. Defendant appealed his sentence. ECF No. 48.

An order in lieu of mandate was issued on November 6, 2024, dismissing his appeal pursuant to a motion for voluntarily dismissal. ECF No. 17 at 2.

On July 28, 2026,[1] Defendant filed his § 2255 motion raising four grounds for relief.[2] ECF No. 65 at 12. Defendant's judgment of conviction became final, at the latest, on February 4, 2025, when the ninety-day period for filing a petition for writ of certiorari expired.[3] His motion was filed one year, five months and 24 days later. By this court's calculation, Defendant's § 2255 motion is untimely by five months and 24 days.

---

[1] The Court is giving Defendant the benefit of the prison mailbox rule. *See Houston v. Lack*, 487 U.S. 266, 275 (1988) (under "mailbox rule," pro se prisoner's document is considered filed on date that prisoner delivers document to prison authorities for mailing).

[2] The four grounds Defendant raises are:

> Ground One: My attorney denied me an appeal as of right by not filing an appeal after sentencing and misleading me about taking an appeal. …
>
> Ground Two: My lawyer was ineffective during my sentencing and appellate process due to not arguing prior convictions not qualifying under the ACCA. …
>
> Ground Three: My lawyer was ineffective at sentencing, trial stages and on appeal for allowing me to accept guilty plea in lieu of right to counsel waiver. …
>
> Ground Four: Ineffective assistance of counsel in violation of Sixth Amendment (plea & appellate attorney—"Erlinger claim".

ECF No. 65 at 4, 5, 7, 8.

[3] The Court is giving Defendant the benefit of the latest date of finality of his judgment of conviction. For a discussion on whether a conviction becomes final at the time of the voluntary dismissal or when the ninety-day period to file a petition of writ of certiorari expires see *United States v. Reed*, No. 3:08cr20/MCR, 2011 WL 2038627, at *3 (N.D. Fla. Apr. 4, 2011), report and recommendation adopted, No. 3:08cr20/MCR, 2011 WL 2038621 (N.D. Fla. May 23, 2011).

## II. DISCUSSION

Title 28 U.S.C. § 2255(f) imposes a one-year limitation on the filing of § 2255 motions. The one-year period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. Defendant recognizes that his motion was filed more than one year after his conviction became final. He offers the following reasons for excusing his untimeliness:

> (1) My ineffective assistance of counsel claim (ground one) is premised on recent discovered facts, pursuant to § 2255(f)(4); namely that my attorney never filed an appeal in my case, although I was led to believe one was filed on my behalf (or briefed).
>
> (2) Ground Two is premised on Ground One and subsequent claims under recently decided circuit case law previously unavailable to me. (*United States v. Lightsey*, 169 F. 4th 1241 (11th Cir. 2026)).
>
> (3) Ground Three is ineffective assistance of counsel related to recent discovered facts about my lawyer never doing my appeal so I missed my 1-year deadline date waiting on an appeal to conclude that was never filed (equitable tolling process).

ECF No. 65 at 11.

Defendant's second excuse, relying on the *Lightsey* case, does not trigger a later time for Defendant to file his motion because *Lightsey* was not a Supreme Court decision. Only certain decisions by the Supreme Court, as defined in § 2255(f)(3), can extend the date to start the one-year filing clock. *Lightsey* is not such a decision.

For reasons that will be fully explained below, Defendant's first and third excuses fail. Defendant's § 2255 motion was not filed within one year of the date that he could have discovered through the exercise of due diligence that his appeal had been dismissed.

Defendant claims that his "attorney never filed an appeal in my case" and "never [did] my appeal." ECF No. 65-1 at 1. These claims are inaccurate. Court records and statements made by Defendant in his motion show that Defendant's attorney filed an appeal and then voluntarily dismissed it with Defendant's written consent. Specifically, Defendant acknowledges in his motion that "[m]y lawyer sent me a letter stating she was going to drop my appeal." ECF No. 65-1 at 1. He attached a copy of the letter from his appellate lawyer, dated October 16, 2024, as an exhibit to his motion. *Id.* at 18. The letter is addressed to Defendant at the U.S. Penitentiary in Beaumont, Texas. *Id.* In the letter, his lawyer, Stacey Niles Kime, tells him:

> Pursuant to our telephone conversation, I am asking the 11th Circuit Court of Appeals to dismiss your appeal so you can begin seeking compassionate release sooner. After carefully reviewing your file, researching the issues, and speaking with my supervisor, I believe your best chance at release from custody is through compassionate

> release because you have a valid basis for seeking relief, and because success on direct appeal is extremely unlikely given the law surrounding your mandatory minimum sentence. I will keep an eye out for the documents you sent which authorize us to gather the documents we'll need. In the meantime, please sign the statement at the bottom of this letter and return it to me as soon as possible. If you have any questions or concerns, please feel free to write me directly or request a telephone call (Ms. McDole can let me know if you ask her).

*Id.*

Defendant explains, "I signed a form she sent me, not understanding what it was all about (I can't read too good) …." *Id.* at 1. The form he references is very straightforward and reads, "This is to confirm that I want to dismiss my appeal in *United States v. Demarcus Boggan*, Eleventh Circuit Case Number 24-12115." A copy is attached to this Report and Recommendation as Exhibit A. *United States v. Demarcus Boggan*, No. 24-12115, ECF No. 18 (11th Cir. Nov. 20, 2024). Defendant signed the form on October 30, 2024. *Id.*

Defendant claims he sent his attorney a "follow-up letter clearly conveying my wishes to do my appeal."[4] ECF No. 65-1 at 1. Among other things, Defendant's letter states, "I'm writing to ask that you please don't cancel or dismiss my appeal." ECF 65-1 at 19. Defendant asks his attorney to "Please notify me of my appeal so I

[4] Defendant does not explain why the follow-up letter is dated October 29, 2024, which is a day before his written confirmation to dismiss his appeal. Compare ECF No. 65-1 at 19 with Exhibit A of this Report and Recommendation.

can make my case about the ACCA enhancement and my plea-agreement errors." *Id.*

Defendant assumes his attorney received this follow-up letter even though he never heard back from her. He states in his motion, "I didn't never hear back from her, so I thought she filed one." *Id.* at 65-1 at 1. Defendant claims he exercised due diligence because he checked "the prison's law-library terminal" and did not see that his appeal had been dismissed so he assumed his appeal was still pending. *Id.* In May 2026, he finally wrote the Clerk of Court and was informed that a mandate was entered on November 6, 2024, and nothing was pending in his case. *Id.* at 1, 20.

Under § 2255(f)(4), a defendant may file a § 2255 motion within one year of "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). In Defendant's case, the question presented is whether Defendant, through the exercise of due diligence, could have discovered before July 28, 2025 (one year before his § 2255 motion was filed) that his appeal had been voluntarily dismissed on November 6, 2024.

"Due diligence" under subsection (4) "does not require the maximum feasible diligence, but only 'due,' or reasonable, diligence." *Aron v. United States*, 291 F.3d 708, 712 (11th Cir. 2002). A defendant is not required "to undertake repeated exercises in futility or to exhaust every imaginable option, but rather to make

reasonable efforts." *Id.* In assessing what would have been reasonable for a defendant to do, a court must make an individualized inquiry that "takes into account the conditions of confinement and the reality of the prison system." *Id.* (citation omitted).

In this case, the only effort Defendant took before July 28, 2025, to verify the status of his appeal was checking "the prison's law-library terminal." ECF No. 65-1 at 1. Defendant does not provide details about the terminal and whether it gave him access to court dockets. Defendant only states that "nothing appeared" to show his lawyer filed a motion to dismiss, so he "believe[d] that an appeal had been pending all this time." *Id.* This is not due diligence. Defendant, even though he was in prison, had much better options to check on the status of his appeal.

A reasonable person, who, like Defendant, had mistakenly sent his attorney a signed statement confirming he wanted to dismiss his appeal, would have taken basic steps to determine whether his appeal had been dismissed. For example, after Defendant failed to receive a response from Attorney Kime to his follow-up letter, Defendant should have written or called attorney Kime. He made no effort to do this at all. Defendant also could have easily called or written the Clerk of Court (as he finally did in May 2026) and found out within days that his appeal had been dismissed. Defendant's failure to do any of these things shows he did not exercise due diligence. *See United States v. Larry,* No. 4:07-CR-00079-SPM, 2010 WL

5651470, at *3 (N.D. Fla. Dec. 17, 2010) (noting defendant had 218 days and could have discovered his attorney's failure to file a notice of appeal "[w]ith one letter or telephone call to the Clerk of this Court); *United States v. Thomas*, No. 4:01CR69-SPM/AK, 2007 WL 624538, at *5 (N.D. Fla. Feb. 22, 2007) (same but with 62 days).

Had Defendant done any of these reasonable things to follow up, he could have learned before July 28, 2025, that his appeal had been dismissed. In fact, Defendant gives no reason why with the exercise of due diligence he could not have known by February 24, 2025 (the day his judgment of conviction became final) that his appeal had been dismissed on November 6, 2024. Under these circumstances, no additional time under § 2255(f)(4) or equitable tolling[5] is warranted. His motion should be dismissed as untimely.

CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a

[5] Defendant mentions the "equitable tolling process" as a basis to excuse his untimeliness. ECF No. 65 at 11. It is unclear whether the doctrine of equitable tolling, apart from the tolling already available in § 2255(f)(4), could apply. "Recharacterizing [the petitioner's] argument as a request for 'equitable tolling' adds nothing; [§ 2255(f)(4)] is itself a kind of tolling rule, and it would be inappropriate for the judiciary to add time on a theory that would amount to little more than disagreement with the way Congress wrote [§ 2255(f)]." *Burks v. United States*, No. 3:10-CR-74-J-34JBT, 2015 WL 224639, at *8 n.9 (M.D. Fla. Jan. 15, 2015) (citing *Owens v. Boyd*, 235 F.3d 356, 360 (7th Cir. 2000), as amended (Jan. 22, 2001)). But even if equitable tolling could apply separately, Defendant has not shown the required diligence. *See Clemons v. Comm'r, Alabama Dep't of Corr.,* 967 F.3d 1231, 1241 (11th Cir. 2020) (equitable tolling required a showing of extraordinary circumstances beyond the defendant's control and unavoidable even with diligence).

final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the Court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. The motion to vacate, set aside, or correct sentence (ECF No. 65) be summarily **DISMISSED** as untimely.

2. A certificate of appealability be **DENIED**.

DONE on August 13, 2026.

s/ *Midori A. Lowry*
Midori A. Lowry
United States Magistrate Judge

**NOTICE TO THE PARTIES**

The case was referred to a magistrate judge for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

.

FEDERAL PUBLIC DEFENDER
RECEIVED

NOV - 8 2024

TALLAHASSEE, FL

Demarcus Boggan
Reg.# 93967-510

---

This is to confirm that I want to dismiss my appeal in *United States v. Demarcus Boggan*, Eleventh Circuit Case Number 24-12115.

10-30-2024
Date

Demarcus D. Boggan
Demarcus Boggan

Exhibit A